HEIRS OF ORCASITAS, PLAINTIFFS AND APPELLEES, *v.* A. M. So-MOZA & CO., DEFENDANTS AND APPELLANTS (ORCASITAS, IN-TERVENOR AND APPELLANT).

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2520.—Decided March 15, 1923.

DEBT—POWER OF ATTORNEY—REVOCATION OF POWER.—The evidence in this case shows that by virtue of the will of José Orcasitas Ortiz, in which he acknowledged in 1896 a debt of 1,500 *pesos* to his brother, José Ramón Orcasitas Ortiz, and ordered that it should be paid out of his estate if not paid before his death, which occurred three years thereafter, his heirs, who were members of the firm of Successors of Orcasitas & Company, instructed the firm to set apart from their money the sum of $900, the equivalent of the debt acknowledged by their ancestor, and that according to such instructions the corresponding entry was made in the books. *Held:* That the said instructions and acts amount to a power of attorney to create a special fund with that money without a manifest intention on the part of the principal, the heirs of José Orcasitas, to part with the money, and that power could be revoked and was revoked by the said heirs in accordance with section 1635 of the Civil Code, for which reason the heirs of José Ramón Orcasitas have no cause of action against Successors of Orcasitas & Company for the recovery of the amount involved.

The facts are stated in the opinion.

*Messrs. Soto Gras & Siaca* for the appellants.

*Messrs. E. López Tizol* and *L. Feliú* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of José Ramón Orcasitas Ortiz brought an action against the mercantile firm of A. M. Somoza & Company to recover a certain sum of money with interest, alleging substantially that the said firm is the liquidator and successor of another partnership called Successors of Orcasitas & Company with whom, about the year 1899, Josefa Orcasitas Delgado deposited the sum of 1,500 provincial *pesos* (equivalent to $900), to the order of José Ramón Orcasitas, in payment of a debt of her father; that José Ramón Orcasitas Ortiz accepted the said sum and agreed with the said firm that it should remain in their hands, drawing interest at 6 per cent per annum, to be compounded annually and included in the yearly balance of the said firm; that the plaintiffs drew on A. M. Somoza & Company for the said amount and the said firm refused to honor the draft, but expressed a willingness to pay the entire sum on the execution of the corresponding release, and that the plaintiffs have repeatedly demanded of the defendants payment of the said sum, with the interest agreed on, but it has not been paid in whole or in part by the defendant to José Ramón Orcasitas Ortiz or to his heirs.

A. M. Somoza & Company opposed the complaint and Josefa Orcasitas Delgado intervened and pleaded in opposition to the complaint. After a trial judgment was rendered against the firm of A. M. Somoza & Company for the amount sued for and half of the costs, and against the intervenor, Josefa Orcasitas Delgado, for the other half of the costs. From this judgment the parties cast took the present appeal.

Although in their joint brief the appellants assign various errors in support of their appeals, it will be sufficient to consider the second assignment, for it is the fundamental question in this litigation and will settle the issue between the parties.

This second assignment is to the effect that the lower court erred in finding that the evidence was sufficient to sup-port the judgment in favor of the plaintiffs. In considering this assignment we shall set forth only that part of the evidence which may be necessary for disposing of the matter.

When Casiano Orcasitas Ortiz died in January of 1878 he was a member of a mercantile partnership of which his brother José Orcasitas Ortiz was the other member. He was unmarried and had made a will in December of the previous year in which he named as universal heirs his brothers José, Pedro and José Ramón and his sister Teresa, and devised and bequeathed to José one-half of his estate and to the other three the remaining one-half. His estate consisted of his in-terest in the mercantile firm, and when the partnership was liquidated and his estate was partitioned in January, 1881, by his executor, José Orcasitas Ortiz, and his other brother Pedro the share of José Ramón Orcasitas Ortiz amounted to the sum of 3,924.45 *pesos.* José Orcasitas Ortiz made a will in 1896 in which he acknowledged that he owed his brother José Ramón the sum of 1,500 *pesos* and directed that the said amount should be paid by his heirs, if not paid by the testator before his death. That sum was the remainder of the 3,924.45 *pesos* which was the share of his said brother in the estate of Casiano Orcasitas Ortiz. José Orcasitas died in 1899, three years after having made the said will, and his heir Josefa Orcasitas Delgado, personally and for her brother Antonio, having instructed the firm of Successors of Orcasitas & Company to set apart from their money in the firm and credit to José Ramón Orcasi-tas Ortiz the sum of $900 (equivalent to be 1,500 *pesos* ac-knowledged as a debt by their father in his will) on Feb-ruary 28, 1901, the said firm made an entry in its books transferring the said amount to the said José Ramón Orca

tas Ortiz. That entry was cancelled on April 30, 1914, by the firm of A. M. Somoza & Company, the successor of the former firm, and the said amount was again credited and delivered to Josefa Orcasitas Delgado, who was also an heir of her brother Antonio, by virtue of her instructions to that effect. At that time the $900 had increased to $1,796.37 by the accumulation of interest credited by the firm. As to the payment of interest it appears from the testimony of Casiano Orcasitas Ruiz, one of the plaintiffs, that about the year 1901 or 1902, being a clerk with Successors of Orcasitas & Company and knowing that in the books of the firm the said amount was carried to the credit of his father, José Ramón Orcasitas Ortiz, and that they were not crediting any interest, he informed Bernardino Gil de Abascar, the husband of Josefa Ortiz Delgado and managing partner of the said firm, that if they did not allow interest on that money he would withdraw it from the firm; whereupon interest was credited up to the year 1913 when he ceased to be an employee of the firm. He also testified that in 1913 he drew an order on A. M. Somoza & Company for the sum of $500 which was not paid, and that neither his father nor his heirs had ever been paid the said $900 or the interest thereon. On cross-examination he said that he never received from Successors of Orcasitas & Company or from A. M. Somoza & Company any written notice of the deposit of that money and that it was never admitted in writing, but that it was admitted verbally when he demanded payment of interest.

Antonio M. Somoza, a witness for the plaintiffs, testified that Successors of Orcasitas & Company received instructions from Josefa and Antonio Orcasitas, members of the firm and heirs of José Orcasitas Ortiz, to place the sum of $900 to the credit of José Ramón Orcasitas Ortiz; that the firm of Successors of Orcasitas & Company and thereafter

his firm of A. M. Somoza & Company credited interest on the said amount in order to avoid family differences between the heirs of José Orcasitas and the heirs of José Ramón Orcasitas at the suggestion of his partner, Bernardino Gil Abascar, who did not inform him that the interest had been demanded, and that the witness would have paid the said sum to José Ramós Orcasitas, or to his heirs, or to anyone giving him the proper release.

The heirs of José Ramón Orcasitas Delgado, who died in 1911, brought an action in 1914 against Josefa Orcasitas Delgado, personally and as heir of her brother Antonio, for the annulment of the partition of the estate of Casiano Orcasitas Ortiz made by his executor, José Orcasitas Ortiz, and his brother Pedro Orcasitas Ortiz in the year 1881, in which the share of José Ramón Orcasitas Ortiz was found to be 3,924.45 *pesos*. The action terminated in a judgment of May 10, 1915, against the plaintiffs and their appeal there-from was dismissed by this Supreme Court on March 23, 1916. On June 20th of the present year this action was brought.

As we understand the complaint, the basis of the action against A. M. Somoza & Company is that as the father of the plaintiffs knew that the heirs of José Orcasitas had delivered to Successors of Orcasitas & Company the sum of $900 which José Orcasitas acknowledged in his will as a debt to José Ramón Orcasitas, to be held subject to the order of the latter, the ancestor of the plaintiffs accepted the said amount in 1901 or 1902, but by an agreement with the said firm left the money in its possession subject to his order and drawing interest, and the money is in the possession of the defendant as the successor of the firm of Successors of Orcasitas & Company. In other words, that in 1901 or 1902 José Ramón Orcasitas accepted the said sum in payment of the

balance of what his brother José owed him and that since that time the said sum belongs to him, with interest thereon, and should be paid to him on demand.

We find that the evidence which we have reviewed does not prove the allegations of the complaint, because it does not show that José Ramón Orcasitas accepted the said sum or that he agreed with Successors of Orcasitas & Company to leave it in their possession at interest, for the testimony of Casiano Orcasitas Ruiz, one of the plaintiffs, was only that he demanded interest from Bernardino Gil Abascar, the husband of Josefa Orcasitas and a member of the said firm, and, besides, he was contradicted not only by Antonio M. Somoza, but mainly by his own acts and those of the other plaintiffs, inasmuch as they could not well have accepted the $900 as the balance of the share of their father in the partition of the estate of Casiano Orcasitas while from 1914 to 1916 they attacked the said partition of the estate in the courts.

What the evidence shows is that in consequence of the will of José Orcasitas Ortiz, in which he acknowledged in 1896 a debt of 1,500 *pesos* to his brother José Ramón Orcasitas Ortiz and directed that it should be paid out of his estate, if not paid before his death, which occurred three years therafter, his heirs, who were members of the firm of Successors of Orcasitas & Company, instructed the firm to set apart from their money in the firm the sum of $900 (the equivalent of the debt acknowledged by their ancestor) and that in accordance with these instructions the corresponding entry was made in the books, but the said instructions and acts amount to a power of attorney to create a special fund with that money without a manifest intention on the part of the principal, the heirs of José Orcasitas, to surrender ownership of the money, and that power could be

revoked and was revoked by the said heirs in accordance with section 1635 of the Civil Code.

But even if it might be considered as a voluntary deposit in favor of a third person, the result would be that the depositor had a right to a restoration of the amount deposited, as was done at her instance in 1914, because it was not shown that José Ramón Orcasitas opposed its restoration.

The facts of the case can not be considered as coming within section 1224 of the Civil Code which provides that if a contract contain any stipulation in favor of a third person, he may demand its fulfilment, provided he has given notice of his acceptance to the person bound before it may have been revoked, for between Josefa Orcasitas and Successors of Orcasitas & Company there was no contract or stipulation in favor of José Ramón Orcasitas and because in any event it was not proved that the latter gave any notice of his acceptance to the said firm, and, therefore, Josefa Orcasitas could revoke, as she did, the instructions which she had given to the said firm, as was held in the case of *Gelabert* v. *Sánchez*, 26 P. R. R. 592.

For all of the foregoing there is no obligation on the part of A. M. Somoza & Company to pay the amount sued for and for which judgment was rendered against them, nor is the intervenor, Josefa Orcasitas Delgado, liable because she opposed the complaint, and the judgment appealed from should be reversed in all of its parts and substituted by another dismissing the complaint without costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.